UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-CV-80512-ROSENBERG/REINHART

JOHN F. MORRISON, M.D., an individual )
and MORRISON CLINIC, P.A., a Florida )
professional association, )
)
    Plaintiffs, )
)
v. )
)
DELRAY MEDICAL CENTER, INC., a )
Florida corporation, DELRAY MEDICAL )
CENTER MEDICAL STAFF )
CORPORATION, a Florida not-for-profit )
corporation, NEUROLOGICAL )
CONSULTANTS OF SOUTH FLORIDA, )
LLC d/b/a BRAIN AND SPINE CENTER )
OF SOUTH FLORIDA, a Florida limited )
Liability company, and LLOYD ZUCKER, )
M.D., an individual, )
)
    Defendants. )
)

**PLAINTIFFS' REQUEST TO SET ORAL ARGUMENT OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs John F. Morrison, M.D. ("**Dr. Morrison**") and Morrison Clinic, P.A. ("**Morrison Clinic**," and together with Dr. Morrison, the "**Plaintiffs**"), pursuant to the Court's Order Granting Joint Motion for Preliminary Scheduling Order [D.E. 103], request the opportunity to address new arguments that were never raised in the opening brief of Defendant, Delray Medical Center, Inc. ("**DMC**") either through an oral argument or, in the alternative, the very short 3 page (exclusive of caption and signature block) sur-reply attached as **Exhibit A**. In support thereof, Plaintiffs state the following:

1. In keeping with the Court's Order Granting Joint Motion for Preliminary Scheduling Order, Defendant, Delray Medical Center, Inc. ("**DMC**") filed its motion for partial judgment on the pleadings on October 27, 2023 (the "*Motion*"). [D.E. 117].

2. Plaintiffs, in turn, filed their opposition to DMC's Motion on December 1, 2023. [D.E. 121].

3. Following Plaintiffs' opposition, DMC filed its reply in further support of its Motion on December 18, 2023. [D.E. 128, 133].

4. Per the Court's Order Granting Joint Motion for Preliminary Scheduling Order, "Any oral argument regarding the motion for judgment on the pleadings pursuant to Federal Rule 12(c) shall be scheduled to take place on or after January 29, 2024, unless the Parties jointly advise the Court that schedules permit an earlier date." [D.E. 103, pg. 2].

5. As such, Plaintiffs respectfully request that the Court set oral argument on DMC's Motion to take place at the Court's convenience after January 29, 2024. Plaintiffs also request that oral argument take place via Zoom.

6. Alternatively, should the Court determine that oral argument on DMC's Motion is not necessary, Plaintiffs request leave to file a sur-reply as DMC's reply brief raises brand new arguments and a makes of number of factual misrepresentations that were not previously made.

7. Plaintiffs have no preference whether the Court conducts an oral argument or accepts its sur-reply, but respectfully request that some vehicle must be allowed to correct the record because DMC has raised new issues for the first time on reply and also misstated certain material inforamtion in its reply.

8. *First*, DMC blatantly misrepresents in its reply the scope of the release contained in the purported Settlement Agreement by erroneously asserting that the release is a "general

release" by omitting language from DMC's cherry-picked quotes that clearly and definitely limit the scope of the release to specific issues—*i.e.*, the opposite of a "general release." [D.E. 133, pg. 9].

9. ***Second***, DMC wrongly asserts that the Settlement Agreement resolved actual or threatened litigation (*id*. at pgs. 2-3), and then wrongly cites two cases suggesting that actual or threatened litigation is not required. However, both of those cases indeed required actual or threatened litigation and DMC apparently wrongly cited these cases. [D.E. 124, pgs. 13-14].

10. ***Third***, DMC chose to ignore entirely Plaintiffs' fraudulent omission allegations in its opening brief and then raised a new argument on that issue in its reply that such allegations should somehow be ignored to the extent raised in counterclaim pleadings. [D.E. 133, pg. 6 n.6]. However, this argument ignores that the Federal Rules require the Court to consider *all* pleadings and exhibits—not just the plaintiff's operative complaint—in resolving a Rule 12(c) motion for judgment on the pleadings. Plaintiffs never previously had the opportunity to make this point because DMC did not address the fraud by omission claim in its opening brief.

11. ***Fourth***, DMC argues that Plaintiffs' allegations concerning the false representation that he was under an Investigation referred to the NPDB and not the Bylaws. *Id*. at pgs. 5-6. This is demonstrably false as Plaintiffs specifically plead that the capital "I" "Investigation" misrepresented by DMC was in reference to and under the Bylaws.

12. And, ***fifth***, DMC's wrongly cites *Matey v. Pruitt*, 510 So. 2d 351 (Fla. 2d DCA 1987) to support its consideration argument even though the court there held that the release *was not valid consideration* because the threatened lawsuit "was not predicated on a valid claim," and the court relied on fact testimony that there was no bona fide belief of fair success – a question of fact that is not ripe at this pleading stage. *Id*. at 353.

3

13. Therefore, Plaintiffs believe that the Court needs to be aware of these factual and legal issues in order to issue a fair ruling. Plaintiff is willing to present these issues at oral argument or through the very short 3.25 page sur-reply attached as **Exhibit A**.

WHEREFORE, based upon the foregoing, Plaintiffs respectfully request that the Court enter an Order: (i) granting this motion; (ii) setting DMC's Motion for Partial Judgment on the Pleadings for oral argument via Zoom on a date after January 29, 2024 that is mutually convenient for the Court and the parties; or (iii) alternatively, granting Plaintiffs leave to file a sur-reply to DMC's Motion for Partial Judgment on the Pleadings; and (iv) for and such further relief as the Court deems necessary and just.

## LOCAL RULE 7.1(a)(3) PRE-FILING CERTIFICATION

I HEREBY CERTIFY that counsel for Plaintiffs conferred with counsel for DMC regarding the relief sought in the foregoing motion in a good faith effort to resolve the issues raised therein but counsel for the parties have not agreed on the relief requested herein.

Dated this 8th day of January, 2024

Respectfully Submitted,

*/s/ Harvey W. Gurland, Jr.*

| | |
|---|---|
| Sean S. Zabaneh | Harvey W. Gurland, Jr. |
| (*admitted pro hac vice*) | Florida Bar No. 284033 |
| Andrew J. Rudowitz | Julian A. Jackson-Fannin, Esq. |
| (*admitted pro hac vice*) | Florida Bar No.: 93220 |
| DUANE MORRIS LLP | DUANE MORRIS LLP |
| 30 South 17th Street | 201 South Biscayne Blvd., Suite 3400 |
| Philadelphia, PA 19103-4196 | Miami, FL 33131-2318 |
| Telephone: 215-979-1000 | Telephone: 305.960.2214 |
| sszabaneh@duanemorris.com | HWGurland@duanemorris.com |
| ajrudowitz@duanemorris.com | PNMendoza@duanemorris.com |
| | JMagarin@duanemorris.com |

*Counsel for Plaintiffs John F. Morrison, M.D. and Morrison Clinic, P.A.*

DM2\19020877.3