UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-CV-80512-ROSENBERG/REINHART

JOHN F. MORRISON, M.D., an individual )
and MORRISON CLINIC, P.A., a Florida )
professional association, )
　)
  Plaintiffs, )
　)
v. )
　)
DELRAY MEDICAL CENTER, INC., a )
Florida corporation, DELRAY MEDICAL )
CENTER MEDICAL STAFF )
CORPORATION, a Florida not-for-profit )
corporation, NEUROLOGICAL )
CONSULTANTS OF SOUTH FLORIDA, )
LLC d/b/a BRAIN AND SPINE CENTER )
OF SOUTH FLORIDA, a Florida limited )
Liability company, and LLOYD ZUCKER, )
M.D., an individual, )
　)
  Defendants. )
_____)

## PLAINTIFFS' RESPONSE TO MARCH 28, 2024 ORDER TO SHOW CAUSE

Plaintiffs John F. Morrison, M.D. ("**Dr. Morrison**") and Morrison Clinic, P.A. ("**Morrison Clinic**," and together with Dr. Morrison, the "**Plaintiffs**") respectfully submit their response to the Court's March 28, 2024 Order to Show Cause why the confidential information filed under seal at Docket Entries 12, 49, 57, 67, 68, 69, 79, 83, 87, 108, 119, 124, 130, 133, and 150 (the "Confidential Information") should remain sealed (the "Order to Show Cause").

Plaintiffs assert that the Confidential Information should remain sealed for all of the reasons set forth in the parties' respective motions to seal, which were previously granted by the Court. *See, e.g.*, D.E. 5, 45, 53, 63, 77, 80, 85, 106, 116, 122, 127, 148 (the "Motions to Seal").

Plaintiffs expressly incorporate herein all of the arguments set forth in the Motions to Seal. Further, Plaintiffs submit that the Confidential Information should remain sealed for the following reasons:

The First Amendment right to access applies only to criminal trial proceedings, except for "civil actions pertaining to the release or incarceration of prisoners and their confinement." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). This civil action does not relate to the release or incarceration of any prisoners or their confinement. Accordingly, this constitutional right to access does not apply here. Rather, the common law right to access of judicial proceedings applies, which requires a balancing of competing interests. *Id*. at 1311. In applying the test, the court must balance the parties' interests in keeping the information confidential against the general public's interest in disclosure. Here, unlike several of the cases cited in the Order to Show Cause, there has been no motion by a non-party to unseal the already-sealed Confidential Information. *See id*. (motion to unseal filed by the press in case involving high-profile case concerning public health and safety); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (motion to unseal filed by the media in high-profile case involving criminal contempt sanctions imposed on lawyers). Here, there is no asserted interest in disclosure by any non-party or the public at large. Instead, the parties hereto have consistently asserted good cause for sealing three types of Confidential Information.[1]

***First***, the information concerning the hospital peer review process should remain sealed pursuant to state law. The Court is correct that the Florida statutes protect peer review records "in any civil action against a provider." *See* Fla. Stat. §§ 395.0191(8), 395.0193(8), and 766.101(5).

---

[1] The Court has stated that it "agrees that any evidence containing HIPAA protected information about a patient must be redacted from the public record," and therefore Plaintiffs do not address this basis for confidentiality here.

Here, this case certainly qualifies as a civil action against a provider. Defendant Delray Medical Center, Inc. ("DMC") has asserted two counterclaims against Dr. Morrison in this case, and the main thrust of those claims against Dr. Morrison involve the hospital's peer review process. Accordingly, this is a civil action against a provider – Dr. Morrison – in which the information concerning the peer review process should remain sealed. Further, DMC's motion for judgment on the pleadings is currently pending, which requires the Court to assess ***all of the pleadings***, as opposed to a motion to dismiss in which only the allegations in the complaint must be assessed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Dacsr1 Props., LLC v. PNC Bank, Nat'l Ass'n*, No. 2:14-cv-00820-JHE, 2014 U.S. Dist. LEXIS 201538, at *3 (N.D. Ala. Dec. 1, 2014) ("In reviewing a Rule 12(c) motion, a court may consider all of the pleadings, including counterclaims and crossclaims, as well as documents attached to the pleadings."). Therefore, DMC's allegations in the Counterclaim and all of Plaintiffs' allegations in its Answer to the Counterclaim, along with the exhibits thereto, which all involve the peer review process, must be considered and should remain sealed.

***Second***, federal law provides confidentiality for any "information reported" to the National Practitioners' Data Bank (the "NPDB") pursuant to the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. § 11101, *et seq*. Accordingly, all of the submissions and information sent to the NPDB should remain sealed. The allegations in the pleadings, including in the Amended Complaint, directly related to the information submitted by DMC to the NPDB. For example, Plaintiffs' Amended Complaint contains allegations that are direct quotes from the submission by DMC to the NPDB, as well as submissions by Dr. Morrison to the NPDB. *See, e.g.,* D.E. 52, at ¶¶ 99-104. In another example, Dr. Morrison's Answer includes exhibits that were sent directly

"Via NPDB Secure E-Messaging System." D.E. 105, at Exh. F. All of the Confidential Information related to the submissions to the NPDB should remain sealed pursuant to the HCQIA.

**Third**, the defamatory statements against Dr. Morrison should remain sealed under a pure balance of interests standard. Dr. Morrison's interests in keeping the defamatory statements under seal are of high import – namely, Dr. Morrison's ability to practice medicine and earn a living. The defamatory statements contained in the Confidential Information have a high likelihood of impacting Dr. Morrison's ability to earn a living – namely, those allegations contained within DMC's Counterclaim and the Amended Complaint as previously set forth in the Motions to Seal. The public's interest in viewing these false and defamatory statements are of little to no importance. Unlike other cases involving the competing balance of interests test, there is no motion from a non-party to view otherwise sealed information. The potential damage to Dr. Morrison's ability to earn a living and practice medicine substantially outweighs the abstract and unasserted interest by the public in viewing the specifics of these false statements. Accordingly, the defamatory statements should also remain sealed.

Therefore, for all of the foregoing reasons, and all of the reasons set forth in the Motions to Seal, the Confidential Information should remained sealed.

Dated: April 8, 2024                                    Respectfully Submitted,

                                                        */s/ Harvey W. Gurland, Jr.*
                                                        Harvey W. Gurland, Jr.
                                                        Florida Bar No. 284033
                                                        Julian A. Jackson-Fannin, Esq.
                                                        Florida Bar No.: 93220
                                                        DUANE MORRIS LLP
                                                        201 South Biscayne Blvd.
                                                        Suite 3400
                                                        Miami, FL 33131-2318
                                                        Telephone: 305.960.2214

4

| | |
|---|---|
| Sean S. Zabaneh | JJFannin@duanemorris.com |
| (*admitted pro hac vice*) | HWGurland@duanemorris.com |
| Andrew J. Rudowitz | PNMendoza@duanemorris.com |
| (*admitted pro hac vice*) | JMagarin@duanemorris.com |
| DUANE MORRIS LLP | |
| 30 South 17th Street | |
| Philadelphia, PA  19103-4196 | |
| Telephone:  215-979-1000 | |
| sszabaneh@duanemorris.com | |
| ajrudowitz@duanemorris.com | |

*Counsel for Plaintiffs John F. Morrison, M.D. and Morrison Clinic, P.A.*