UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80512-BER

JOHN F. MORRISON, M.D. and
MORRISON CLINIC, P.A.,

        Plaintiffs,

v.

DELRAY MEDICAL CENTER, INC., et. al.

        Defendants.

_____/

## ORDER OF RECONSIDERATION ON PRIOR SEALING ORDERS

"Judicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358–59 (11th Cir. 2021). These records "are presumptively available to the public under the common law so that the judicial process can remain accessible and accountable to the citizens it serves." *Id.* at 1363. "Judicial records provide grounds upon which a court relies in deciding cases, and thus the public has a valid interest in accessing these records to ensure the continued integrity and transparency of our governmental and judicial offices." *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1173 (11th Cir. 2019).

Dr. John Morrison sues multiple defendants, including Delray Medical Center ("the Hospital") in a 14 count Complaint alleging both federal and state claims. At

the request of the parties, the Court sealed the following unredacted pleadings and many of their attachments:

| Docket Entry | Pleading Description |
| --- | --- |
| 12 | Complaint |
| 49-1 | Motion to Dismiss |
| 57 | Amended Complaint |
| 67 | Zucker Defendant's Answer and Affirmative Defenses |
| 68 | Medical Staff Answer and Affirmative Defenses |
| 69 | Hospital Answer, Affirmative Defenses and Counterclaims |
| 79 | Motion to Dismiss Counterclaims |
| 83 | Response in opposition to Motion to Dismiss Counterclaims |
| 87 | Reply in support of Motion to Dismiss Counterclaims |
| 108 | Answer and Affirmative Defenses to Counterclaims |
| 119 | Motion for Judgment on Pleadings |
| 124 | Opposition to Motion for Judgment on Pleadings |
| 130 | Reply in support of Motion for Judgment on Pleadings |
| 133 | Corrected Reply |
| 150 | Hearing exhibits |

Redacted versions of these documents are in the record. The question now before me is whether good cause exists to continue sealing pleadings that neither party disputes are judicial records.

I issued an Order to Show Cause why the pleadings should not be unsealed, except for private health information about non-parties. ECF No. 151. The Order to Show Cause raised questions about whether the documents had been properly sealed. It offered preliminary thoughts on the issues, but did not reach any final conclusions nor make any binding rulings. It invited the parties to share their thoughts. In response, the Court received thoughtful and informative pleadings. ECF Nos. 153 (Dr. Morrison); 154 (Hospital), 155 (other defendants adopting the Hospital's response). This matter is ripe for decision.

The public right of access is not absolute. It must give way when there is good cause, as determined by "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir. 2001). "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question . . ." *Id.* at 1315.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *See In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles,* 420 F.3d 301, 305–06 (3d Cir. 2005); *Amodeo,* 71 F.3d at 1050–51. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* 105 Harv. L. Rev. 427, 464–74 (1991).

3

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The presumption of public access is particularly strong with regard to dispositive documents that relate to the merits of the case. *See Romero*, 480 F.3d at 1245-46. Court rules and other positive law may also prohibit public disclosure of information. *See, e.g.,* Fed. R. Civ. P. 5.2.

The redacted information comprises four primary categories: (1) information about a peer review of Dr. Morrison's medical staff privileges at the Hospital, (2) mandatory reporting by the Hospital to a federal database, (3) the Settlement Agreement and related negotiations, and (4) allegedly defamatory statements about Dr. Morrison. The parties' Motions to Seal gave the following reasons for sealing:

- The pleadings contain information that is protected from public disclosure by state and federal statutes. *See* 42 U.S.C. § 11137(b)(1); Fla. Stat. §§ 395.0193(8), 395.0191, 766.101; Health Insurance Portability & Accountability Act ("HIPAA"); 5 U.S.C. § 552a (Privacy Act)
- The Amended Complaint contains defamatory statements that "are highly damaging to Dr. Morrison and his ability to practice medicine."

*See, e.g.,* ECF Nos. 5, 53, 122, 127, 148.

A. *Allegedly Defamatory Statements*

Dr. Morrison has not shown good cause to seal the allegedly defamatory statements. He argues that disclosing this information may affect his ability to practice medicine and earn a living. He further says, "The public's interest in viewing these false and defamatory statements are of little to no importance. Unlike other

4

cases involving the competing balance of interests test, there is no motion from a non-party to view otherwise sealed information. The potential damage to Dr. Morrison's ability to earn a living and practice medicine substantially outweigh the abstract and unasserted interest by the public in viewing the specifics of these false statements." ECF No. 153 at 4.

Dr. Morrison brought this lawsuit. He chose to challenge the accuracy of these statements in a public courtroom. If disclosing the allegedly-defamatory statements invades his privacy or causes him injury, it is solely the result of his own actions and decisions. Disclosing these statements will not impair court functions. They do not involve public officials or public concerns. Dr. Morrison will be able to respond to the information; he brought the defamation claim specifically so he could disprove the statements. There is no lesser alternative than unsealing.

The alleged defamatory statements are the gravamen of Dr. Morrison's defamation and injurious falsehood claims. He cannot win on these claims without proving to a jury that the statements are not true. That process must occur in public. Likewise, the Defendants can defend themselves only by discussing these alleged statements in public. In short, it is logistically impossible to adjudicate the defamation and injurious falsehood claims without publicly discussing the allegedly-false statements.

Dr. Morrison's other arguments also fail. First, it is irrelevant that no third party has asked to unseal the documents. Even without a third-party request, the Court must evaluate whether to exempt judicial records from the public right of

access. Second, perhaps the reason no one has asked for the information is because it is under seal. The allegedly-false statements relate to the professional competence of a surgeon in the local community. Once the public and the media know that fact, they may have a substantial interest in evaluating for themselves whether the allegations are true.

B. *NPDB Reporting*

Dr. Morrison argues that the Health Care Quality Improvement Act of 1986 (HCQIA) prohibits public disclosure of materials relating to the National Practitioner's Data Bank (NPDB). Defendants concede that the Court has discretion to unseal the NPDB-related materials. ECF No. 154 at 10-12.

Subchapter II of the HCQIA requires hospitals to submit reports to the NPDB about certain actions relating to a physician's clinical privileges. 42 U.S.C. §§11133, 11134. The information submitted to the NPDB is confidential:

> Information reported under this subchapter is considered confidential and shall not be disclosed (other than to the physician or practitioner involved) except with respect to professional review activity, as necessary to carry out subsections (b) and (c) of section 11135 of this title (as specified in regulations by the Secretary), or in accordance with regulations of the Secretary promulgated pursuant to subsection (a).

42 U.S.C. §11137(b)(1).

I agree with the other federal courts that have interpreted this statute narrowly, to apply only to peer review material submitted to the Secretary of HHS under the statute's mandatory reporting provisions. *See Dunn v. Dunn*, 163 F. Supp. 3d 1196, 1209 (M.D. Ala. 2016) (collecting cases). This interpretation is most faithful to the plain text of the statute. Therefore, documents sent by the NPDB are not

6

covered. Nor are documents voluntarily submitted by Dr. Morrison or the Hospital. Nor are the parties' communications with each other that predated the filing of the NPDB report.

In the alternative, to the extent Section 11137(b)(1) is intended to protect Dr. Morrison's privacy, he has waived that protection. Dr. Morrison's Complaint contends that the Hospital sent false and defamatory reports to the NPDB. It includes direct quotes from the Hospital's submission to the NPDB and from Dr. Morrison's own submission to the NPDB. ¶¶99-104. His Answer to the Counterclaims includes materials he voluntarily submitted to the NPDB. ECF No. 108, Ex. F.

In any event, under the circumstances of this case, the public right of access overrides the HCQIA. I agree with the well-reasoned decision in *Gabros v. Shore Med. Ctr.,* that there is "nothing in binding case law or the relevant statute itself expressly forbidding disclosure of these reports in the context of the claims brought by this Plaintiff. Moreover, and perhaps most importantly, this Court has repeatedly emphasized the public interest in the disclosure of materials filed on this Court's docket, which often outweighs private interests in confidentiality." *Id.,* No. 1:16-6135-NLH-JS, 2020 WL 6055151, at *4 (D.N.J. Oct. 14, 2020). The alternative is to have Dr. Morrison's "allegations litigated in a star chamber with a jury of ordinary citizens presumably barred from discussing the case after their service in a closed courtroom. There is no precedent for such a proceeding in federal court except in those rare cases which might involve classified information or national secrets and even in those cases redactions and sanitized versions allow for public access." *Id.*

7

C. *The Peer Review Information*

Dr. Morrison argues that peer review information must remain sealed pursuant to Florida law. I need not address whether Florida statutes apply. Federal law controls whether a privilege applies, and the Eleventh Circuit has declined to recognize a federal peer review privilege. *Adkins v. Christie,* 488 F.3d 1324, 1327-30 (11th Cir. 2007).

Here, the peer review materials are relevant insofar as (1) they inform whether the Hospital's counsel misrepresented that Dr. Morrison was "under investigation," (2) there was consideration for the Settlement Agreement, and (3) Dr. Morrison could have justifiably relied on pre-Settlement representations by the Hospital. They can otherwise be redacted to, for example, remove the names of the participants in the peer review and any patient information.

D. *Settlement Agreement*

As a material term of their Settlement Agreement, the parties contractually agreed to keep the settlement and all related documents confidential from third parties. ECF No. 69-11 ¶4. As part of this lawsuit, Dr. Morrison moves to rescind the Settlement Agreement and argues that it is unenforceable because it lacks consideration. He also argues that, even if the Settlement Agreement is enforceable, the release terms of the Settlement Agreement do not cover some of the claims in the Amended Complaint. The Hospital argues that the Settlement Agreement is fully enforceable.

The claims and defenses in this case require the Court to interpret the terms of the Settlement Agreement. Therefore, the Settlement Agreement is intimately tied

to resolving the merits of the case. As with the allegedly-defamatory statements, public discussion of the terms of the Settlement Agreement is necessary to resolve claims and defenses in this lawsuit.

The parties' contractual confidentiality agreement does not control. "It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties . . . Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Balancing all the required factors, the Settlement Agreement should be unsealed.

E. *HIPAA*

HIPAA protects private health information of non-parties. Any such information shall remain under seal.

F. *Privacy Act*

The Order to Show Cause said

> The Privacy Act applies to records maintained by a federal agency and limits a person's ability to obtain those records from the agency. *See* 5 U.S.C. §552a(b). Again, there is no evidence that any relevant records were requested or obtained from a federal agency.

ECF No. 151 at 5. In their response, Defendants agreed that the Privacy Act was not a basis to seal records in this case. Dr. Morrison did not address the issue. I therefore deem him to have abandoned any claim that the Privacy Act requires pleadings to be sealed.

9

WHEREFORE, it is ORDERED that the parties shall confer to determine what portions of the docket entries should remain redacted in light of this Order. On or before **April 19, 2024**, counsel shall email my chambers (reinhart@flsd.uscourts.gov) advising which docket entries can be unsealed in their entirety as well as the parties' jointly proposed redactions for any docket entries that will remain under seal.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of April 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE